JOE KATZ, RESPONDENT, v. UNION CENTRAL LIFE INSURANCE COMPANY, APPELLANT.—44 S. W. (2d) 250.

Kansas City Court of Appeals. December 7, 1931.

*Roy D. Williams* and *R. M. Bagby* for respondent.

*Lionel Davis* for appellant.

ARNOLD, J.—Plaintiff filed suit to recover disability benefits of $300, being monthly payments of $100 each, alleged to be due respectively on May 20, June 20 and July 20, 1930, under the terms of an insurance policy, issued by the appellant on August 31, 1923, and on which plaintiff had paid two annual premiums. There was a verdict and judgment for plaintiff in the sum of $300. Defendant has appealed.

It appears from the record that on April 14, 1925, the plaintiff, Joe Katz, sustained serious accidental injury, resulting from a kick by a mule, by reason of which he was confined in a hospital and underwent two operations. Defendant paid the monthly bene-

fit of $100 per month for five years and one month and then refused to pay more, on the ground that respondent had recovered and was able to perform his usual duties.

The record discloses plaintiff was born in Russia, came to this country at the age of twenty; could neither read nor write the English language. He first was a pack peddler; next worked on Government work, carried rock and was a common laborer. He next bought a 170-acre farm and did his own work on the farm, hiring additional help during harvest season. He had a wife and three children who helped on the farm with the "chores." The farm consisted mostly of grass pasture, with some cultivated land. Plaintiff grew some crops, raised cattle and did some fur trading and trapping. Before his injury he weighed 165 pounds and was a strong, active man. At the time of the trial, he weighed 130 pounds, felt weak and sick, was able to do no labor and had to hire all his work done; he was growing weaker and was not in as good physical condition as a year before. He said he was not qualified to do any other business than farming.

Physicians who treated or examined plaintiff testified he was seriously injured; that he had sustained a ruptured spleen, which had been removed, a misplaced kidney and a ruptured kidney; that his injuries were permanent and would incapacitate him from physical labor; that he had adhesions, was emaciated and apparently was suffering at the time of the trial. Since the injury plaintiff had performed small duties about the farm, such as milking one or two cows, handling small sticks of wood at the time of wood-sawing, driving his car to town; had bought and sold furs and done other light things, but that he had been unable to do any heavy farm work. He denied that he had put up hay or tobacco in the barn. Other witnesses testified the hired help did all the labor and that plaintiff did none. For defendant, there was evidence that plaintiff had put up tobacco, forked hay, ridden a plow and done other farm duties.

The jury found the issues for plaintiff, under the instructions.

The pertinent provisions of plaintiff's policy of insurance are these:

"2. Definition of total and permanent disability. The insured, in event he shall become disabled by accident or disease while this policy is in force, shall receive the benefits hereinafter provided, subject to the following conditions. The disability must be total and permanent and of such a character that the insured is and continuously will be prevented thereby during his life from performing any work, or following any occupation, or engaging in any business, for wages, remuneration or profit, the injuries specified in article 3 alone excepted."

Other provisions relate to the amount of the premium, benefits on disability before age sixty, etc., and it is shown that plaintiff was thirty-nine years of age at the time of the trial.

The first assignment of error is that the verdict is against the evidence and the weight thereof. It is the province of the jury to determine the weight of the evidence, and unless this court can say, as a matter of law, that there is no substantial evidence in the record, in support of the verdict, the judgment of the trial court will not be disturbed.

The next charge of error to be considered is that the trial court erred in refusing to direct a verdict for defendant. The disposition of this charge involves the construction of the quoted provision of plaintiff's policy, defining total and permanent disability.

"Total disability to follow one's usual occupation or employment as used in an accident policy means wholly disabled from performing the usual and customary duties of one's employment, and consequently an insurer is not liable as for total disability where the accident has merely prevented the insurer from accomplishing as much in a day's work as before. But where the insured is incapacitated from performing any substantial part of his ordinary duties a case of total disability is presented, although he is still able to perform a few minor duties. [1 C. J. 463, sec. 163.]

And further:

"There is no total disability to transact any and every kind of business pertaining to one's occupation where insured, although unable to perform some of his duties, remains able to perform others; and it is not sufficient that he cannot perform his duties as effectively as before the accident; but when insured is prevented by his injury from doing all the substantial acts required of him in his business he is within such provision of the policy, notwithstanding the fact that he is able occasionally to perform some single act connected with some kind of business pertaining to his occupation." [1 C. J. 464, sec. 164.]

And further:

"Where the policy, while providing indemnity when the insured is permanently disabled from following his usual or other occupation, at the same time defines the disability which shall entitle him to recover as one which shall permanently prevent him from following any occupation whereby he can obtain a livelihood, it has been held that there can be no recovery of the insured can earn a living at any other occupation, although incapacitated for his original profession or occupation. But the question whether the insured is disabled from prosecuting some other occupation is to be determined by a consideration of his education, experience, age, and natural ability." [1 C. J. 465, sec. 167.]

Applying these general rules of construction to the case at bar; we hold, under the conflicting evidence in this case, that it was a question for the jury to decide whether or not plaintiff had become, and still was incapacitated from performing any substantial part of his ordinary duties, thereby presenting a case of total disability, even though he was still able to perform a few minor duties. If the plaintiff's evidence is to be believed, and the jury doubtless believed it, he was able to do only minor things about the farm, milk one or two cows, carry light sticks of wood to the wood-saw, drive his car and possibly ride on a load of corn or other produce. His testimony was that the substantial things about the farm, the heavy labor, was all done by hired help. He was relieved of most of the chores by his wife and children. Lacking a general education, being unable to read or write the English language, any efforts put forth by plaintiff were confined to manual labor. That had been his work all his life. He could not now carry a pack, he could not work for the government, lifting heavy loads, he could not do heavy farm labor; he weighed less and was growing weaker. Plaintiff's lack of education, his previous experience and age prevented him from finding any other sort of work. The testimony shows he had some experience in trapping and buying and selling furs. He testified he would average forty to fifty dollars a year from this work, which appears to have been rather a sideline, pursued in the off season and not a vocation in any sense.

Defendant insists that if we consider the evidence offered by it, we would find plaintiff did practically everything there was to be done in carrying on his business on the farm; that he may not have done all of it, but that he did some of it; that he manages the business and is the head of it. This court, as heretofore noted, is precluded from giving weight to the defendant's evidence, since the jury has accepted plaintiff's evidence as true.

In the case of Wall v. Casualty Co., 111 Mo. App. 504, 86 S. W. 491, the St. Louis Court of Appeals has discussed policies with similar provisions, saying:

"It never could have been the understanding of the parties that the plaintiff should get nothing from the company, if accidentally disabled to do anything he knew how to do, because, perchance, there were occupations he might have worked at if he had understood them. When the language of the policy as the broadest, it is used with reference to the lot in life of the insured, his vocation and capacity."

As said in the case of McMahon v. Supreme Council, 54 Mo. App. 468, 472:

"This makes it very clear that what is and what is not a 'total disability' within the meaning of the contract is a relative question,

depending upon the attainments of the person disabled. A physical ailment which would render an illiterate laboring man totally unfit to earn a livelihood might not prevent a lawyer from practicing his profession, or take away from him all other chances of earning a living in some other avocation. Therefore, in determining the liability in such a case, the courts must consider both the mental and the physical capabilities of the assured, otherwise such a benefit certificate would be a delusion and a snare.''

If we consider both the mental and physical capabilities of this plaintiff, in his present condition, we see no escape from the conclusion that no vocation for which he is fitted is open to him at this time, if his condition remains the same as at the trial.

The defendant complains of the instruction given by the court on behalf of plaintiff. The argument is to the same effect as that the case should not have been submitted to the jury, because there was no evidence to support it. The instruction recites the provisions of the policy relating to total and permanent disability, requires a finding of issuance of the policy, payment of premium, age under sixty; of an accident disabling plaintiff; that he is still disabled totally and permanently and thereby prevented from performing any work or following any occupation or engaging in any work for wages, remuneration or profit; and then defines the words of the disability clause, substantially as defined in the citations, supra. This instruction is supported by the evidence and is hereby approved. Another objection urged against this instruction is that it does not contain the defense claimed by defendant, that plaintiff, in fact, was not disabled and was performing his work. This is but a negative statement of the same question and is presented to the jury in the instructions given by the court in defendant's behalf.

This case was well tried, the evidence fully and ably presented and the verdict of the jury is supported by the evidence under the law. The judgment is affirmed. All concur.