916

## AMIOT et al. v. KANSAS CITY LIFE INS. CO.

No. 8092.

Circuit Court of Appeals, Sixth Circuit.

Feb. 16, 1940.

Frank W. Atkinson and Francis W. Mc-Cauley, both of Detroit, Mich. (Marr & Cahalan, of Wyandotte, Mich., on the brief), for appellants.

Lawrence E. Brown, of Detroit, Mich. (James V. Oxtoby, and Oxtoby, Robison & Hull, all of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

The bill sought a decree against appellee, Kansas City Life Insurance Company, for specific performance of the convertible option clause in a life insurance policy.

The policy, a convertible five year term—non-participating—in the amount of $15,000, was issued to Hubert S. Amiot on November 3, 1930. It contained the following clause:

"At the end of one year from date hereof or at any time thereafter and within five years from date hereof this policy, if in force, may be surrendered by the insured at the Home Office of the Company in exchange for any form of life or endowment policy issued by the Company without medical re-examination, provided the occupation of the policy-holder at the time of requesting the change, conforms to the Company's rules regarding occupations. The new insurance not to exceed the amount of this policy, and the insured has the option of selecting either of the following plans, to wit: First: The new policy will be issued as of the date of this policy, and the premium shall conform to the rate for the present age of the insured, and the difference between the premium which would have been payable on the new policy if it had been issued at the time of this policy, and the premium paid hereunder for the same amount of insurance, with interest on such difference at not to exceed six per cent per annum, shall be paid, and the new policy will be dated the same date as this policy, or Second: The new policy will be issued as of the date of exchange with premium rate for the attained age of the insured. If the new policy selected by the insured has a Disability or Double Indemnity Benefit for which an extra premium is charged, the Company reserves the right to require satisfactory evidence of insurability either by health certificate or medical examination."

The original beneficiary was insured's wife. On June 15, 1932, insured changed the beneficiary to H. S. Amiot Company, which thereafter paid the quarterly premiums, the last one being paid on August 3, 1935. On November 22, 1934, the insured suffered a cerebral hemorrhage, which totally and permanently incapacitated him and rendered him mentally incompetent from that date until his death on May 7, 1937.

The policy ran its full term of five years and expired on November 3, 1935. Appellee sent no more premium notices but on November 8, 1935, the Secretary and Treasurer of the Amiot Company mailed a check for what he assumed to be a premium due

on November 3rd. The check and the accompanying letter were received by appellee on November 12th and the check was returned on November 16th, with the advice that the policy had expired on November 3rd.

Thereafter, appellant, Neil H. Amiot, a son, was appointed special guardian of the insured, and on November 25, 1935, gave appellee notice in writing that he elected to exchange the policy as of its expiration date for a $15,000 ordinary life policy, and on November 27, 1935, he tendered appellee the sum of $961.85, the amount of the first annual premium on the policy selected. He also tendered the term policy for surrender. Appellee refused to issue a new policy and rejected the tender of both the premium and the old policy. On December 18, 1935, the special guardian qualified as the regular guardian for Hubert S. Amiot and joined with the Amiot Company as plaintiffs in the present bill in which he ratified and confirmed the election made by him as special guardian.

We think the court correctly dismissed the bill. By the plain terms of the convertible option clause the option to exchange the policy for any other form of insurance expired with the policy November 3, 1935. No effort was made to exercise the option within the period limited by the convertible option clause. There was no surrender of the old policy, no selection of a new one, and no payment of new premium rates prior to that date.

It is said that equity will extend the time for the exercise of the option because of the impossibility of its performance within the time by reason of the insured's mental incapacity. This is no more than saying that equity will change the contract between the parties to meet a supposed hardship. The law is otherwise and "equity will follow the law." As a matter of fact, the asserted unconscionable hardship did not exist. Neil S. Amiot could no doubt have been appointed guardian at any time between November 22, 1934, and the expiration of the policy and option November 3, 1935, and might have applied for the new insurance at any time within that period. Too, the Amiot Company might have made the application at any time within the same period. Their failure to do so is chargeable to their own neglect.

The decree is affirmed.