## DECKERT v. WESTERN & SOUTHERN LIFE INS. CO.

### No. 104.

District Court, E. D. Kentucky, Covington.
July 30, 1943.

Carl H. Ebert, of Newport, Ky., and Sawyer A. Smith, of Covington, Ky., for plaintiff.

Rouse, Price & Adams, of Covington, Ky., for defendant.

SWINFORD, District Judge.

This is an action to recover under the disability clause in a life insurance policy.

The plaintiff, Deckert, since early youth had been engaged in the trade of tanning leather. He had become adept in operating a leather splitting machine and doing all things necessary to finish leather. In the year 1919 he entered the employ of the American Oak and Leather Company as a leather splitter. He continued in this until 1939 when he and his friend Shepherd formed a partnership known as Deckert, Shepherd and Company. This partnership was the result of the abandonment by the American Oak and Leather Company of certain types of its work and Deckert and Shepherd, two employees, formed this independent business and held the clients of their former employer. The business was not large and was in reality an outlet for the labor of the partners with one or two associates. The business was growing slowly from an annual net earning of $1,706.56 for the first year ending June 30, 1940, to $7,497.62 for the year ending June 30, 1942.

On September 15, 1941, while operating a leather embossing machine the plaintiff was injured in such a way that resulted in the amputation of his right hand about three inches above the wrist and injury to his left hand as described by his physician in the following questions and answers:

"Now, look at the left hand and tell how much is gone.

"The Deponent: The first, index finger on the left hand, about one-half of the palm surface, the tip of the finger, is gone; the second finger, the first joint is gone. The third finger, the first joint is gone; the fifth finger is more or less intact; some scarring on the tip of the fifth finger.

8. "Doctor, Mr. Deckert has testified that there is no feeling in the ends of his fingers; can you give the Court the explanation of that? A. There is probably no feeling at all in the ends of the second and third fingers, as I have described it; and the feeling in the end of the first finger is gone, probably due to the fact that the sense of nerve and feeling has been destroyed and is gone."

At the time of the injury the plaintiff had in force a contract of insurance with the defendant which contained the following clause:

"Waiver of Premiums and Agreement to Pay Monthly Income Supplementary contract attached to and hereby made part of Life Insurance Policy No. 394692 A, Dated April 26th, 1929, in the sum of $10,000, issued by The Western and Southern Life Insurance Company on the life of James Edward Deckert.

"If, while the policy to which this supplementary contract is attached is in full force and effect, the insured shall, subsequent to the date hereof, viz * * * April 26th, 1929, and prior to attaining the age of sixty (60) years (nearest birthday), become wholly disabled as a result of bodily injury or disease which originates or is sustained or contracted after the date hereof, and be so disabled continuously for not less than ninety (90) days prior to the receipt by the Company of proofs thereof as hereinafter defined and required; and if, solely by reason of such bodily injury or disease, the insured is prevented from performing any work or following any occupation or engaging in any business for wages, remuneration or profit, the Company will, upon receipt at the Home Office of due and satisfactory proofs of such disability made in the lifetime of the insured on forms prescribed by the Company, grant the following benefits:"

There is no dispute between the parties as to the evidence or as to the amount in controversy. The sole question for determination is whether or not the law of Kentucky justifies a recovery on the facts contained in the record.

The rule in Kentucky is well established that total disability exists within the meaning of the policy when it is of such a character as to prevent the insured from doing all the substantial acts required of him in his business. National Life & Accident Ins. Co. v. O'Brien's Ex'x et al., 155 Ky. 498, 159 S.W. 1134.

This rule has been consistently followed in later cases and may be found forcefully expressed in these cases: Prudential Ins. Co. of America v. Harris, 254 Ky. 23, 70 S.W.2d 949; Mutual Life Ins. Co. of New York v. Beckman, 261 Ky. 286, 87 S.W. 2d 602; and Prudential Ins. Co. of America v. Asbury, 291 Ky. 400, 164 S.W.2d 957. This has been called the liberal rule, but should more appropriately be called the just rule of construction. Where a person is engaged in a definite and apparently permanent occupation, which is certainly an element of the risk on which the contract and premiums to be paid are based, it doesn't seem to me to require any especially liberal construction to say that it was that employment and that one alone that the contracting parties had in mind when the insurance contract was entered into. It is with knowledge of their liability and the law applicable that insurance companies fix their rates and premiums and to require a premium fixed to cover a certain type of employment and then deny recovery on the basis of the assured being able to make a living doing some undreamed of type of work is to my mind not only fallacious legal reasoning but the height of tragic comedy to the assured who thought he was insuring his future against the job he held at the time the contract was written.

The plaintiff here has lost one hand and to all practical purposes the sense of touch in the other hand. His business as a leather splitter or tanner has been destroyed because he is unable to personally do the work required. His capital was not the few hundred dollars invested in a small amount of equipment, but his personal skill to judge and handle leather and treat it for sale and use in upholstery. This small business could not justify the maintaining of an executive officer but what it needed was skilled craftsmen to actually handle the leather. The business under proper management and subject to the vicissitudes of economic fortune might eventually be able to pay Deckert to act for it solely in the capacity of manager, but this accident occurred in 1941 and it must be judged as of that year, not on some future possibility. That was the year when the contract of insurance was renewed by payment and acceptance of the premium. The whole context of the questionnaire indicates that the company was especially interested in what was the nature of the work being performed. They thus knew what possibility of injury they were insuring against. Had the assured been injured while engaged in a different occupation there would likely have been complaint on the part of the defendant on that score.

The Kentucky Court of Appeals expressly holds that it makes no material distinction between a policy insuring against general disability insurance and specific occupational insurance.

In Prudential Insurance Co. of America v. Harris, supra [254 Ky. 23, 70 S.W.2d 951], Commissioner Stanley, speaking for the court said: "Insurance of this nature readily falls into two general classes. One may be termed occupational and the other general. The former type of policy undertakes specifically to insure only against disability to transact the duties pertaining to or to perform labor in a particular occupa-

tion, which is usually that in which the person insured is at the time or is customarily engaged. The other type undertakes to insure against disability from performing any sort of remunerative labor. The interpretation given both classes of insurance by this court has hitherto been substantially the same. That is, we regard the general insurance as in effect occupational insurance. We have construed the provision undertaking to limit the indemnity against disability to perform any kind of labor as contemplating an inability to do all the substantial and material acts necessary to the prosecution of the insured's business or that which is required of him in the performance of his occupation in the customary and usual manner."

In this opinion the Court reaffirms the rule which it has consistently followed since the O'Brien case. With this rule I heartily agree both on authority of many years in the Court of Appeals of Kentucky and on reason and principle.

To fortify its position in support of this rule the opinion in the Harris case contains the following paragraph: "The following foreign cases support our interpretation of these clauses and give substantially the same meaning. In some of them there will be found more or less difference in the terms or in the facts, but in all of them a liberal view was taken and they hold in effect that the disability pertained to the insured's customary occupation. Foglesong v. Modern Brotherhood, 121 Mo.App. 548, 97 S.W. 240; Jacobs v. Loyal Protective Insurance Company, 97 Vt. 516, 124 A. 848; Continental Casualty Company v. Wynne, 36 Okl. 325, 129 P. 16; Ozark Mutual Life Association v. Winchester, 116 Okl. 116, 243 P. 735; Metropolitan Life Insurance Company v. Blue, 222 Ala. 665, 133 So. 707, 79 A.L.R. 852; Great Northern Casualty Company v. McCollough, Ind.App., 174 N.E. 103; Metropolitan Life Insurance Company v. Lambert, 157 Miss. 759, 128 So. 750; Laupheimer v. Massachusetts Mutual Life Insurance Company, 224 Mo.App. 1018, 24 S.W.2d 1058; Great Southern Life Insurance Company v. Johnson, Tex.Com. App., 25 S.W.2d 1093; Wall v. [Continental] Casualty Company, 111 Mo.App. 504, 86 S.W. 491; Katz v. Union Central Life Insurance Company, 226 Mo.App. 618, 44 S.W.2d 250; Pacific Mutual Life Insurance Company v. McCrary, 161 Tenn. 389, 32 S.W.2d 1052; Ætna Life Insurance Company v. Spencer, 182 Ark. 496, 32 S. W.2d 310; McCutchen v. Pacific Mutual Life Insurance Company, 153 S.C. 401, 151 S.E. 67; Brown v. Missouri State Life Insurance Company, 136 S.C. 90, 134 S.E. 224; Hetzel v. Pacific Mutual Life Insurance Company, 108 W.Va. 22, 150 S.E. 385; Maresh v. Peoria Life Insurance Company, 133 Kan. 191, 299 P. 934."

It is brought out in evidence that Deckert is now a Commissioner of the City of Newport. This is an elective office for which he is paid $1,500 per annum. This certainly should not be considered as nullifying the total permanent disability benefits of the policy.

The very nature of an employment, growing out of a popular election, is such that it cannot be considered in determining what is total and permanent disability within the meaning of the policy.

In Prudential Insurance Co. of America v. Asbury, supra [291 Ky. 400, 164 S.W.2d 959], the court used this language: "Total disability does not mean absolute helplessness, and permanent disability does not mean absolute hopelessness. One is totally disabled if he is unable to do substantially all of the material acts in the transaction of his business and employment in his customary or usual manner. Travelers' Insurance Co. v. Turner, 239 Ky. 191, 39 S.W.2d 216; Davis v. New England Mutual Life Insurance Co. of Boston, Mass., 263 Ky. 568, 92 S.W.2d 822."

It cannot be reasonably urged that an elective office for a short term of years is the "business" and "employment" contemplated by the terms of the contract of insurance.

The case of Penn. Mut. Life Ins. Co. v. Schrader, 289 Ky. 469, 158 S.W.2d 964, 966, cited by counsel for the defendant, is easily distinguished from the case at bar. It is indicated from the opinion that the decision in this case is based largely upon the fact that the insured did not make a full disclosure of his business activities when the insurance was renewed. That he only disclosed in his original application that he was the cashier of a bank and a real estate agent when in fact he was also an insurance solicitor. After his resignation as cashier of the bank he pursued his activities in the insurance business and realized almost as much money as he had received as cashier. That case was ultimately decided on the proposition that there was insufficient evidence. The court

said, "We are convinced that under the proof heard at the trial plaintiff failed to prove the necessary disability to entitle him to recover under the terms of his policy." In other words, the plaintiff failed to prove more than an impairment of this ability to carry on his usual occupation.

Prudential Ins. Co. of America v. Rains, 281 Ky. 506, 136 S.W.2d 792, 795, cited by the defendant fails to sustain its contention. On the contrary it seems excellent authority for the plaintiff here. In that case the assured was a school teacher and farmer. He was ruptured while lifting a box of coca cola at a lunchroom which he was operating. It was clearly established that he could continue to teach school without danger to his health even though he could do only light manual labor on the farm. I quote the following from the opinion: "The physicians for the insurer admitted that he could do only light work. The only logical inference from their testimony is that he was unable to perform all material acts in the discharge of the usual and customary duties connected with his occupation, and that is the test of total disability under insurance contracts of the character here involved."

This case also bears out a statement in a former part of this opinion with reference to the contentions of the insurance company. The insurance company's position is seen from this language in the court's opinion: "Appellant argues that appellee's occupational risk at the time the policy was issued on February 28, 1923, was that of a student and teacher exclusively, and that these occupations are the only ones to be considered in determining whether or not the insured was disabled later within the meaning of the policy."

The court, of course, held that such a contention was not well founded and was not the law in Kentucky.

In Mutual Life Ins. Co. of New York v. Dause, 256 Ky. 448, 76 S.W.2d 233, 236, on which the defendant relies, the court held that there was insufficient evidence to submit the case to the jury. No modification of the rule is indicated in that case, but it was determined solely upon a question of failure to establish total, permanent disability. The claimant there had tuberculosis which according to abundant and positive medical evidence had been definitely cured. The court said: "In our view, there is no evidence conducing to

show that he was totally disabled from performing any work even as a farmer."

In Davis v. New England Mut. Life Ins. Co. of Boston, Mass., 263 Ky. 568, 92 S.W. 2d 822, 827, the decision was based entirely upon the proof or failure of proof in the particular case. There the plaintiff, a storekeeper and postmaster was not in any way impaired in the performance of his regular duties. To use the language of the opinion of Judge Thomas, "there has been a failure of proof".

I have carefully examined all of the cases cited by the defendant and other cases found in my research, but all of them are a far cry from the case at bar dealing with an assured whose usual and regular occupation depended entirely upon the use of his hands and who had had one of them entirely and the fingers of the other amputated.

To my mind the proof is ample to justify the application of what I believe to be a fair and just rule of the construction of a simple contract. The plaintiff should have judgment.

Findings of Fact, Conclusions of Law and Judgment in accordance with the prayer of the petition as amended and as indicated in this opinion should be submitted for approval and entry.