**Benjamin W. HAWES, Plaintiff,**

v.

**The TRAVELERS INSURANCE COM-PANY, Defendant.**

**No. 569.**

United States District Court
W. D. Kentucky, Owensboro Division.

May 30, 1955.

Thomas E. Sandidge, Owensboro, Ky., for plaintiff.

John B. Anderson, Owensboro, Ky., for defendant.

SWINFORD, District Judge.

This is an action in which the plaintiff seeks a declaration of his rights under the terms of an insurance policy issued to him by the defendant on September 12, 1939. The plaintiff prays that the court declare him to be totally and permanently disabled within the terms and meaning of the policy and from that fact adjudge that the waiver of premiums provisions of the policy is now in effect. He further asks that the defendant refund all premiums which he has paid under the policy, under protest, since June 15, 1953.

The plaintiff is a professional soldier. At the time of issuance of the policy he

was a captain in the regular army stationed at Ft. Benning, Georgia. In World War II, on December 4, 1944, he was wounded in an engagement in the Vosges Mountains in Europe. His injury resulted in the amputation of one of his legs just below the knee and in a forty per cent impairment of the use of the other leg. He also had less severe injuries to his hands and arms. He was considered totally and permanently disabled within the meaning of the terms of the policy and all premiums were waived from June 18, 1945, until June 15, 1953. Beginning with that date the company demanded payment of the premium on the ground that the plaintiff was no longer totally and permanently disabled.

The evidence shows that the plaintiff largely overcame the handicaps resulting from his injury. He was a graduate of the United States Military Academy at West Point. With this foundation he determined to take additional college work and prepare himself to teach mathematics in either a high school or college. With this in mind he attended Alabama Polytechnic Institute where he received his M. A. degree in due time. He abandoned his idea of teaching and instead returned to Owensboro, Kentucky, his boyhood home. His father, a large landowner and successful farmer, operated a productive farm of approximately 540 acres in Daviess County, Kentucky. The plaintiff states that he returned to Kentucky primarily for the purpose of taking care of his mother whose mind had become impaired to such an extent that she needed constant attention. He testifies further that he began to engage in farming with his father and has been earning from the farm for some time past an average annual income of between $3,000 and $3,500. He has also earned as city commissioner of the City of Owensboro a salary of $300 per month. This was over a period from January 1952 to January 1954. His income from the farm represents the net profit from the sale of livestock in which he owns a one half interest. He assists in managing and operating the farm in conjunction with his father.

The plaintiff is now 45 years old. He retired from the army in 1947 with the rank of colonel and has a monthly income of between $600 and $700 as salary from that source.

The contract of insurance provides, to paraphrase, that if the insured has become totally disabled by bodily injuries and is thereby prevented from engaging in any employment for remuneration or profit and has been so prevented for a period of not less than six consecutive months, the company will waive the payment of any premiums during such disability and will refund any premiums previously paid during such disability.

It is agreed by the parties that the provisions must be construed in the light of the law of the State of Georgia where the contract was entered into. Irrespective of the views of the judge of this court in the case of Deckert v. Western & Southern Life Insurance Co., D.C., 51 F.Supp. 44, affirmed by the Court of Appeals for the Sixth Circuit, 142 F.2d 554, the facts in this case bring it squarely within the rule laid down by the Supreme Court of Georgia in Mutual Life Insurance Co. of New York v. Barron, 198 Ga. 1, 30 S.E.2d 879. Since the case must concededly be decided on the basis of the law of Georgia, the plaintiff must be denied the relief he seeks.

It is established without question that he is earning over $3,000 a year. While this may be a gratuity or partially so on the part of his father it is nonetheless a fact. If circumstances should arise that the so called gratuity would be denied, the question of his total and permanent disability within the meaning of the policy might again become an issue of fact, but so long as he is earning a substantial sum by application to his farming duties, it cannot be said that he is totally and permanently disabled under the rule expressed in Mutual Life Insurance Co. of New York v. Barron, supra.

I do not have the volume of the Georgia reports containing this case, but I assume that the quotation beginning on page 7 of the defendant's original brief is correct. It clearly states the Georgia rule.

"* * * Nevertheless, we further said in the South case: 'In the present case it is certain that the insured can never regain his arm; but if he should at any time after his injury so readjust himself to his handicap by education or otherwise, or find himself, from any circumstances, reasonably able to pursue his ordinary work or any work of like productivity, his alleged total and permanent disability would no longer exist, within the meaning of this policy; these terms being relative and the condition thereby described being subject to change by circumstances.' It is this part of the decision that we regard as being calculated to mislead. While it did express a truism,—that is to say, under the circumstances thus outlined, the insured's alleged total and permanent disability would no longer exist—still, the mere inability of the insured to perform all or substantially all of the duties of his occupation, or of such other line of endeavor as he might reasonably be expected to follow, would not amount to total disability, for he would not be totally disabled unless he was unable to perform any substantial part of the duties of such occupation or other line of endeavor as described. The statement last quoted should have contained the words which we now insert in brackets, so as to make it read as follows: 'In the present case it is certain that the insured can never regain his arm; but if he should at any time after his injury so readjust himself to his handicap by education or otherwise, or find himself, from any circumstances, reasonably able to pursue his ordinary work or any work of like productivity [or any substantial part thereof], his alleged total and permanent disability would no longer exist, within the meaning of this policy; these terms being relative and the condition thereby described being subject to change by circumstances'.

"The excerpt above quoted from the decision of the Court of Appeals would clearly imply that, before the insurer would be justified in refusing to continue total disability payments, it should be made to appear that the insured had regained substantially his entire former earning capacity, whereas under a proper construction of the contract, it would be necessary to show only that he had regained so much thereof as would enable him to perform some substantial part of the duties of his profession or of such other work, if any, approximating the same livelihood, as he might be fairly expected to follow in view of his station, circumstances, and physical and mental capabilities. If he at any time overcame his disability to this extent, even though to this extent only, he would no longer be totally disabled within the meaning of the policy, but would be only partially disabled, and the insurer did not agree to become liable for mere partial disability."

I am therefore of the opinion that the plaintiff is not totally and permanently disabled; that he should be required to pay the premiums within the terms of the contract; that he should be denied recovery of the premiums he has paid since June 15, 1953; and that his complaint should be dismissed.

Findings of fact, conclusions of law and judgment to that effect are this day entered.