Julius E. KERN, Appellant,

v.

TRI-STATE INSURANCE COMPANY,
Appellee.

No. 18685.

United States Court of Appeals
Eighth Circuit.

Dec. 12, 1967.

Rehearing Denied Jan. 22, 1968.

Donald L. Schmidt, of McMahon, Kieffer & Schmidt, Clayton, Mo., for appellant and filed brief.

William A. Moffitt, Jr., St. Louis, Mo., for appellee; John L. Harlan, Jr., of Harlan & Harlan, St. Louis, Mo., with him on the brief.

Before MEHAFFY and GIBSON, Circuit Judges, and STEPHENSON, District Judge.

MEHAFFY, Circuit Judge.

Julius E. Kern, plaintiff-appellant, brought suit against Tri-State Insurance Company, defendant-appellee, in Missouri state court, alleging that in 1953 Tri-State wrongfully terminated an insurance agency contract with him by failure to furnish notice of termination or consideration as required by the contract. Kern, in an effort to avoid the statute of limitations, alleged in his petition that he became insane sometime late in 1952 and that this mental condition existed continuously until after June, 1962. This suit was instituted in the state court in August of 1965 and was timely and properly removed to the United States District Court for the Eastern District of Missouri, Eastern Division, on diversity grounds. Tri-State first filed a motion to dismiss which was overruled, and then filed its motion for summary judgment on the ground that the action was barred by the Missouri five-year statute of limitations, which the trial court sustained because of lack of material factual dispute and because of clear record evidence that Kern was sane during the period alleged in his petition and therefore the statute was not tolled. Chief Judge Harper's extensive and well-considered opinion is reported at 260 F.Supp. 378 (E.D.Mo.1966). We affirm.

Tri-State supported its motion for summary judgment by an affidavit and supporting documentary evidence setting forth that Kern had never been adjudged incompetent; that he originally filed this same cause of action in the Missouri state court and that it was removed to the United States District Court and there dismissed by the late Judge George H. Moore because of failure to state a claim upon which relief could be granted; that Kern filed a claim under the Missouri Workmen's Compensation Act for an injury alleged to have occurred in December, 1952, that his deposition in that case was taken on June 6, 1958 and a compromise settlement was effectuated; that subsequently Kern filed suit against The Prudential Insurance Company of America and that his physician testified on April 30, 1959 that there was no question about Kern's competency in 1954 (extracts of this testimony are included in the affidavit); and that additionally Kern took part in bankruptcy proceedings and at all times had access to legal advice and attorneys.

An affidavit of a doctor was filed in opposition to the motion for summary judgment and this doctor gave as his opinion that Kern was of unsound mind continuously from December, 1952 until after June 29, 1962. The doctor, however, did not personally see Kern until June 29, 1962, and his opinion was based on letters written by other doctors and summaries of hospital records. Chief Judge Harper took judicial notice of other proceedings in his court which were instituted by Kern, noting that in 1958 Kern filed a number of suits in state court against more than thirty insurance companies. Of these cases, nineteen were removed to the United States District Court for the Eastern District of Missouri, Eastern Division, and six were before Judge Harper. All six were dismissed without prejudice by Kern's counsel, and the District Court records indicate that a short time thereafter the other cases, including the suit against the present appellee, were dismissed. In considering the issues, Judge Harper properly took judicial notice of other proceedings in his court. Meredith v. Van Oosterhout, 286 F.2d 216, 217 (8th Cir. 1960); Ellis v. Cates, 178 F.2d 791

(4th Cir. 1949), cert. denied, 342 U.S. 870, 72 S.Ct. 113, 96 L.Ed. 655 (1951); United States v. City of Philadelphia, 140 F.2d 406 (3rd Cir. 1944). Chief Judge Harper's opinion makes particular reference to two suits filed by the plaintiff against the Prudential Insurance Company which were ultimately consolidated for trial, appealed to this court, and reported as Kern v. Prudential Ins. Co., 293 F.2d 251 (8th Cir. 1961). In this case, Kern testified at length about his illness and that he went to work in October, 1954 for an insurance company and continued this work until March 15, 1956; that during the same period of time he worked part time in a law office where he filed papers, did legal research, handled the bank account, investigated cases, prepared petitions and drafted instructions. Kern's doctor who treated him for his nervous condition and who was his general physician also testified as did a doctor who examined Kern upon order of the court. There was no indication in any of this evidence that Kern was insane and this court said in its opinion:

"Plaintiff does not plead that he was incompetent to contract in 1956 when the conversion option expired, nor is there proof to support such a contention. The court in its fact findings expressly found that plaintiff was under no disability which would prevent him from timely requesting the policy conversion. Such finding is supported by substantial evidence and is not clearly erroneous." 293 F.2d at 259.

The material upon which Kern's doctor based his expert opinion is a matter of court record with which Chief Judge Harper was thoroughly apprised, and was not a matter of personal knowledge of the doctor whose affidavit purported to establish Kern's insanity. Fed.R.Civ.P. 56(e), 28 U.S.C.A., specifically provides that such affidavits *shall* be made on personal knowledge and *shall* set forth such facts as would be admissible in evidence. These mandatory provisions must be complied with. Maddox v. Aetna Cas. & Sur. Co., 259 F.2d 51 (5th Cir. 1958); Roucher v. Traders & General Ins. Co., 235 F.2d 423 (5th Cir. 1956); Zampos v. United States Smelting, Refining & Mining Co., 206 F.2d 171 (10th Cir. 1953); Person v. United States, 112 F.2d 1 (8th Cir. 1940), cert. denied, 311 U.S. 672, 61 S.Ct. 35, 85 L.Ed. 432 (1940). Not only was the expert's opinion defective in failing to have a basis of personal knowledge, but the admissibility of such evidence was clearly a matter of the trial court's discretion. Jones v. Goodlove, 334 F.2d 90 (8th Cir. 1964). In view of the judicial records in the trial court, said court would have been within its rights in rejecting the affidavit as being pure speculation and not substantial evidence. Compare United States v. Thornburgh, 111 F.2d 278, 280 (8th Cir. 1940), and cases there cited.

In considering motions for summary judgment, a trial court may and should pierce formal allegations where there obviously are no genuine issues presented for trial. The record here clearly indicates that the only evidence in opposition to the motion for summary judgment was the affidavit based on hearsay evidence and which conclusion, as indicated by the trial court, was a clear refutation of prior judicial findings.

We have heretofore stated the purpose of the summary judgment rule as being one to expeditiously determine cases without necessity for formal trial where there is no substantial issue of fact and have held that such motions should be granted when a trial judge would be bound to direct a verdict in movant's favor. Chambers v. United States, 357 F.2d 224 (8th Cir. 1966). Much liberality is allowed in cases where there is a possible question of fact involved in summary judgment dispositions, but the records of the District Court clearly indicate that there is no genuine issue of fact involved here. The court properly entered summary judgment since a trial would have been futile on account of lack of competent evidence. Compare Yoder v. Nutrena Mills, Inc., 294 F.2d 505, 512, 513 (8th Cir. 1961).

Fed.R.Civ.P. 1, 28 U.S.C.A., provides that rules "shall be construed to secure the just, speedy and inexpensive determination of every action." In our view, Kern should not be permitted to again force defendant into a protracted and expensive trial merely by filing an affidavit of a doctor based on matters not within his personal knowledge and completely contrary to the opinion of the doctors who had personally examined Kern during the period involved. Kern had ample time and facilities to bring his suit and, in fact, did bring it once but did not pursue it to a conclusion and should not be permitted to continually burden the courts with frivolous litigation clearly barred by the Missouri statute of limitations.

The order granting Tri-State's motion for summary judgment is affirmed.