Olivia **RICHARDSON**, Respondent,

v.

**LIFE INSURANCE COMPANY OF MISSOURI**, Appellant.

No. 22992.

Kansas City Court of Appeals,

Missouri.

Dec. 7, 1959.

M. E. Benson, Kansas City, for appellant.

R. J. Southall, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff is beneficiary of a life insurance contract issued by defendant to Harvey Newton, deceased, who will be referred to as insured. Plaintiff sued for the funeral benefit, in the amount of $60, together with penalties and interest. Trial was to the Court and judgment was for plaintiff in the sum of $102. Defendant appeals.

The premium provided in the policy was 6 cents each week, and the funeral benefit was $60. The policy provided as follows:

"During the first ten years the insurance on this Policy, including the funeral benefit shall be term insurance, renewable each week at the same premium, and no reserve shall be accumulated on this Policy and the net premium thereunder, from week to week, for the funeral benefit (or natural death benefit) shall be applied wholly to the mortality cost of the insurance and the loading on such net premium to the cost of the expense to the Company in carrying the insurance for the funeral benefit.

"After ten years the Policy may be continued as weekly renewable term insurance for another ten year period at the *same premium but a reduced amount of funeral benefit* (in accordance with the Company's rates at the attained age of the insured) * * *". (Emphasis ours.)

Insured paid the premium falling due throughout the first 10 years, as stipulated in the policy (6 cents per week) and for 15 weeks beyond that period. Defendant accepted said premium payments during the 15 week period beyond the 10 year term, and until insured defaulted on December 4, 1950. Thereafter, insured paid no premiums and defendant lapsed and cancelled the policy on its books.

Plaintiff contends that the policy reserve, accumulated prior to insured's default in payment of premiums, was sufficient to carry it in full force and effect to a date beyond the date of insured's death; that such reserve was so accumulated because the policy is an ordinary life policy and is subject to the provisions of Sections 630 et seq. of Chapter 376, V.A. M.S., concerning the use to which policy reserves are to be put.

Defendant denied liability on the grounds that no reserve was or could have been accumulated so as to carry the policy in force beyond the date of insured's death, because it is a "term" insurance policy which provided that any amount of the net premium over and above the cost of the risk was to be used by defendant for loading and profit.

Plaintiff's only witness was Hugh Magers, an actuary with more than 40 years of experience. He stated that the reserve of this contract, if computed on the theory that it is "ordinary life" insurance, was sufficient at the time it lapsed, to carry it in full effect to a date beyond that of the death of insured. He made no computation on any basis except that of ordinary life and, in doing so, did not include the first year the policy was in effect.

Defendant's sole witness was Mr. Reeder, one of its Vice Presidents and an actu-

ary of long experience. He testified to the effect that, the policy is "term" insurance; that the net level premium paid thereon was for a larger amount than was necessary to carry the risk during the first six or seven years of the life of the policy but, because of the increasing actual cost of the risk, due to the yearly increase in age of insured, the net level charged was insufficient to carry that risk during the later years; that the reserve thus accumulated during the early years of the first 10 year term was exhausted in carrying the risk during the later years; that, at the end of the 10 year term, there was no reserve; that such is the correct theory and practice followed with respect to all strictly life insurance contracts, whether for a term of years or for the whole of life. As to the 15 weeks the policy was carried for the second 10 year term provided for in the contract, he stated that the reserve accumulated during that period was not sufficient to continue the policy in effect until the date of death of insured. He admitted, however, that if the policy is an "ordinary life" contract, then the situation "might be different", and stated that the premium charged was sufficient to carry it as a whole life policy. His testimony in that regard was not contradictory of that given by Mr. Magers.

■ It appears from the evidence that if the policy is an ordinary or whole life contract there was substantial evidence to support the judgment; that, in such event, it was in full force and was binding and effective as of the date of insured's death.

Mr. Reeder also testified to the effect that, while the policy as issued was for a term of 10 years renewable for a second 10 year term, at the same premium rate and for a lesser benefit than $60, defendant did not so renew it but continued to accept premiums in the amount of 6 cents per week for a period of 15 weeks without making any change in the policy; that the reason defendant made no change in the amount of the benefit provided in the policy was that it intended to convert

"these policies", this type of policy, including insured's policy, to ordinary life contracts and was in the process of doing so when insured defaulted; that the policy lapsed and defendant took no further steps in respect to it. He stated that, while the policy specifically provided that no reserves should be accumulated, defendant did accumulate reserves thereon during the first 10 year period but that the reserves were not for insured's benefit but were accumulated because of the requirements of Chapter 376, V.A.M.S.

Defendant says the contract is one of term insurance for 10 years, renewable for an additional term of 10 years at the same level premium but with a reduced benefit; that is true, on its face. Defendant is correct in its contention that a level premium may be charged on a term insurance contract for a term of 10 years. Respondent's actuary so testified. But defendant could not have legally issued a level premium *term* policy for a period of longer than 15 years. Nor could it have issued an ordinary life policy with preliminary term insurance for a period of more than 5 years.

Had defendant renewed the policy, at the expiration of 10 years, for an additional term of 10 years for a less amount, it *might* have been within the statutory provisions governing its conduct; but it did not do so and, consequently, we are not called upon to rule that point. On the contrary defendant, for a period of fifteen weeks after expiration of the 10 year term, *continued* to accept the same level premium *with no reduction in the benefit*. Defendant thereby *treated* the entire contract as one of ordinary life. Defendant's Vice President and actuary stated that it *intended* to convert this contract, and others like it, to ordinary life contracts. Defendant did not intend to *negotiate* an ordinary life contract; it intended to, and did, treat *this* as an ordinary life policy. This is a plain violation of the provisions of Chapter 376, V.A.M.S., and, more particularly, .380, subd. (1) (c) and .670, subd. 12 thereof.

We will also treat the contract as one of ordinary life and so hold it to be.

 Defendant, in its point three, attempts to present questions not mentioned in its motion for new trial. We will not review such questions. Grapette Co. v. Grapette Bottling Co., Mo.App., 286 S.W. 2d 34, 36.

The judgment should be affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.