Olivia RICHARDSON, Respondent,

v.

LIFE INSURANCE COMPANY OF MISSOURI, Appellant.

No. 48112.

Supreme Court of Missouri,

En Banc.

Jan. 9, 1961.

 

Maurice E. Benson, Kansas City, for appellant.

R. J. Southall, Southall & Southall, Kansas City, for respondent.

HOLLINGSWORTH, Judge.

Plaintiff, the beneficiary in an industrial weekly premium health and accident policy issued by defendant on August 26, 1940, to Harvey Newton, as insured, recovered judgment for the sum of $102, representing $60 funeral benefits provided by the policy, together, presumably, with interest or penalties or both to the extent of $42. Upon appeal to the Kansas City Court of Appeals, the judgment was affirmed. See 330 S.W. 2d 267, wherein may be found a more extended statement of the facts and theory upon which the latter court based its affirmance. The cause, on application of defendant, was thereafter transferred to this court, pursuant to Art. V, § 10, of the Constitution, V.A.M.S., and S.Ct. Rule 84.05, V.A.M.R. A brief statement, considered in connection with the facts stated in the opinion of the Court of Appeals, will suffice for our purposes.

Although the policy contains provisions relating to sickness and accident benefits in addition to burial benefits, the latter is the only benefit here involved, for which a weekly premium of six cents was provided. That premium was paid weekly for ten years and for 15 consecutive weeks thereafter. Default was then made for four consecutive weeks and the policy was declared lapsed on December 4, 1950. The insured died almost four and one-half years thereafter, to wit: on May 28, 1955.

The policy provided that during the first ten years the insurance should be term insurance and that no reserve should accumulate on the policy and that the net premium for the funeral benefit should be applied entirely to the mortality cost of the insurance and the loading on such net premium should be applied to the expense to the company of carrying the insurance. It fur-

ther provided that after ten years it "may be" continued as weekly renewable term insurance for another ten years at the same premium, but with a reduced funeral benefit, in accordance with the company's rates at the attained age of the insured.

After the expiration of the first ten years (August 26, 1950), the premium was paid at the same rate for the aforesaid additional 15 weeks, during which time there was no statement added to the policy expressly setting forth that there was a reduction in the burial benefit. The evidence in that connection was that of defendant's vice-president, Mr. Reeder, who testified that defendant "put on a program to convert all these ten-year contracts to life contracts, and this party (insured) would have been offered that * * * [but] * * * it was not done because it (the policy) lapsed before that program went into effect."

Plaintiff states that the issue in the case is, as stated during the trial by the trial judge:

"(1) If the policy in suit is a ten-year term policy, there was not sufficient reserve to keep this policy in force until on or past the date of the insured's death.

"(2) If the policy in suit is a whole life policy, even though labeled a ten-year term policy, then the reserve was sufficient to keep the policy in force until past the date of the insured's death.

"The sole issue then is whether the policy in suit is a ten-year term policy or not; and, if not, whether it is a whole life policy or not."

It is defendant's contention that the decision of the Court of Appeals erroneously determined that, by acceptance of premiums for 15 weeks after the expiration of the first ten-year term of the policy, defendant must be held obligated as though its policy was and for the preceding ten years had provided net value reserves to the extent of an ordinary life policy; and that, in so holding,

the court, in effect, "created" a reserve that never existed and which, in fact, was in direct conflict with the express provisions of its policy.

There is no question that the opinion of the Court of Appeals conditions plaintiff's right of recovery upon a finding that the policy is a whole life policy. It thus stands admitted that if, as contended by defendant, the reserve value of the policy is not to be computed upon the basis of its being from the date of its issue a whole or ordinary life policy (conceding that the first year may be computed as term insurance in accordance with the provisions of § 376.380(1) (c) RSMo 1949, V.A.M.S.), then there could not be sufficient reserve to carry it to the date of the death of the insured on May 28, 1955.

■ We find nothing whatever in the record or in the policy to justify any conclusion that the policy, when issued, could have been lawfully considered other than precisely what on its face it purported to be, to wit: a policy of insurance providing a specific burial benefit for an expressly limited term of ten years with the right granted the insured to continue the contract for another ten-year term at the same premium but for a reduced amount of funeral benefit in accordance with defendant's rates at the attained age of the insured. By virtue of its express and unequivocal provisions, it is term insurance and, therefore, wholly inconsistent with the theory of whole life insurance. Doty v. American Nat. Ins. Co., 350 Mo. 192, 165 S.W.2d 862, 869 [19–22], 143 A.L.R. 1062.

Plaintiff insists, however, that "although the policy in suit recited that it was a contract for term insurance for a ten-year period, renewable for an additional ten-year period, the court was justified in finding that it was not in fact a ten-year term contract *under all of the facts in evidence.*" Cited in support of that contention are: Sec. 376.630 RSMo 1949, V.A.M.S.; Magers v. Northwestern Mut. Life Ins. Co., 348 Mo. 96, 152 S.W.2d 148; Doty v. Amer-

ican Nat. Ins. Co., 350 Mo. 192, 165 S.W.2d 862, 143 A.L.R. 1062.

The theory upon which plaintiff bases that contention (and, apparently, upon which the Court of Appeals also reached its decision) is found in the testimony of plaintiff's actuarial expert, Mr. Magers, wherein he stated:

"Q.  Mr. Magers, assuming that there could be such a contract as this purports to be, that is a policy merely for a period of ten years and nothing more, and assuming further that it could then be renewed for another ten-year period, I will ask you whether or not for a given amount of benefit, the premium even though level for the first ten years would remain at the same level for the second ten-year period?  A.  It would not.

"Q.  It would increase, would it not?  A.  It would.

"Q.  There would be a material increase in the level premium for the second ten years over what the level premium had been for the first ten years?  A.  That is right.

"Q.  If on the other hand the premium remained the same for the second ten-year period, would there have to be a change in the amount of benefit?  A.  There would.

"Q.  And if this premium remained the same and the benefits remained the same on this policy, after the expiration of this ten-year period, what would your opinion be as to the type of policy which it in actuality was?  A.  A whole life term policy."

█  The trouble with Mr. Magers' conclusion is that the policy itself expressly provided that if it be continued for another ten-year term (which, of course, was optional with the insured) the burial benefit would be reduced in accordance with the company's rates at the attained age of the insured.  That fact, overlooked by Mr. Magers, would constitute beyond question an *increase* in premium during the continuation of the policy following the expiration of the first ten-year period.  A reduction in benefit with the premium remaining the same is necessarily an increase in the premium rate over that provided for the original benefit.

█  We are unable to understand how the mere acceptance of the premiums for a period of fifteen weeks following the expiration of the initial ten-year term could serve to rewrite retroactively a specifically limited term of burial benefit insurance so as to make of it, from the date of its issue, a whole life policy having a reserve value that carried it beyond the death of the insured.  Neither can we agree with the conclusion of the Court of Appeals that the acceptance of such premiums, with no formal action taken to reduce the funeral benefit, amounted to defendant's *treating* the original term policy as an ordinary life policy, so as to make the original policy chargeable with the reserve values of an ordinary life policy.  Certainly, none of the cases or statutes cited by plaintiff or cited in the opinion of the Court of Appeals warrants any such conclusion.  Rather does it seem clear that the program to *convert* these term policies to ordinary life policies evidences clearly that the intention of defendant was that they should become whole life policies only from and after the effective date of their conversion and their acceptance by the insureds.

Our conclusion is that the courts may not by judicial fiat rewrite a theretofore lawfully issued ten-year term policy, which in express terms provided that no reserve should be accumulated thereon, so as retroactively to make of it an ordinary life policy having such reserves.

The judgment is reversed.

All concur.